UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:19CR70-PPS/APR |
| | ) | |
| COREY ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant Corey Anderson is charged with unlawful possession of a firearm in violation of 18 U.S.C. §922(g)(1). [DE 1.] The indictment alleges that on or about June 10, 2019, Anderson, a convicted felon, knowingly possessed a .32 Caliber Gerstenberger & Eberwein revolver. [*Id.* at 1.] Anderson has filed a motion to suppress evidence, which asserts few facts, basically the where and when of the challenged search and seizure. [DE 24.] The government's response fleshes out the circumstances of the search and seizure with the proffer of a number of additional facts, and while acknowledging its burden of proof in the matter, suggests that no hearing is required "because no specific dispute on a material fact has been identified." [DE 27 at 9.] Anderson has filed no reply, and so has not disputed any of the government's proffered facts nor opposed the government's assertion that a hearing is unnecessary. "District courts are required to conduct evidentiary hearings only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of

the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011).  No hearing was held, and I now review the matter on the basis of the parties' briefs.

## Facts

For purposes of the motion to suppress, these are the undisputed facts proffered by the government and supported by exhibits including a Stipulated Plea and Agreement filed in Lake County Superior Court [DE 27-1 at 1], a related Stipulated Factual Basis [*Id*. at 4], and a Gary Police report [DE 27-2 at 1].  In the wee hours of June 10, 2019, the Gary, Indiana police department received a call from employees of the McDonald's on Grant Street.  They reported that a drunk man in a silver Ford truck had gotten food through the drive-through, but later returned, upset about some mistake with his order.  He had angrily grabbed the arm of the woman working the drive-through window, and threatened to get a gun and come back to shoot the place up.  After this, the employees locked up the restaurant and called 911 from the back of the store.  Five minutes later, an employee called 911 again to report that the man was back, had approached the drive-through window again, and was circling the building.

At this point, Gary police officers arrived.  They spotted and stopped a Silver Ford Explorer pulling out of the McDonald's parking lot.  Officer Vasquez made contact with the driver, who was Corey Anderson.  The officer observed that Anderson smelled heavily of alcohol, that his eyes were bloodshot and his speech slurred, and that he had difficulty following her instructions to turn off and exit the vehicle.  In plain view inside the Explorer, the officer saw empty bottles of brandy and tequila.  Anderson was placed

in wrist restraints and left in the custody of Officers Brummel and Cuevas, while Officer Vasquez went inside the store to talk to the employees.

One of the employees told Officer Vasquez that when Anderson returned to the drive-through window, he had a gun in his hand. According to the police report, Officers then searched Anderson's vehicle and found a loaded .32 caliber Smith and Wesson revolver in the center console, and a half-full box of ammunition. [DE 27-2.] It is worth pointing out that the gun described in the police report is a Smith and Wesson while the gun referenced in the indictment is a Gerstenberger & Eberwein. Both however are .32 caliber revolvers. [*Compare* DE 1 *with* DE 27-2.]   It is unclear whether the indictment is incorrect, the officer completing the report was in error, or there is some other explanation for the discrepancy. In all events, Anderson has not raised an issue about the inconsistency so I will proceed to address the only issue pending before the court: whether the seizure of a weapon from Anderson was unlawful.

After the weapon was seized from Anderson he was placed under arrest for state charges of Operating While Intoxicated, Intimidation, Carrying a Handgun Without a License, and Battery on the McDonald's employee.  Anderson has a prior conviction in Lake County Superior Court for Stalking, a Level 5 felony. The pending federal indictment for being a felon in possession of a firearm followed.

## Discussion

The Fourth Amendment offers constitutional protection against unreasonable searches and seizures by agents of the government. *United States v. Jacobsen*, 466 U.S.

3

109, 113 (1984). Warrantless searches are presumptively unreasonable, subject to particular exceptions that are "specifically established and well-delineated." *Katz v. United States*, 389 U.S. 347, 357 (1967). Anderson argues that the search of his vehicle that yielded the revolver was unconstitutional because it was undertaken without a warrant, without probable cause, and without consent. [DE 24 at 1.] The government responds with several theories for the constitutionality of the search.

First, the government contends that the search of the Explorer was justified as a search of a vehicle incident to a lawful arrest. [DE 27 at 4.] "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." *Arizona v. Gast*, 556 U.S. 332, 338 (2009). Applying that principle to a context involving an automobile, the Supreme Court has held that "when an officer lawfully arrests 'the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile,' and any containers therein." *Gant*, 556 U.S. at 340-41, quoting *New York v. Belton*, 453 U.S. 454, 460 (1981).

But in *Gant*, the Supreme Court narrowed the exception a bit, consistent with its original justifications based on "officer safety and evidence preservation." *Gant*, 556 U.S. at 338. Instead of automatic leave to search an arrestee's vehicle, *Gant* held that police are constitutionally authorized "to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id*. at 343. Because Anderson was handcuffed and being detained by police officers at the time his vehicle was

4

searched, the search does not appear to have been justified as a search incident to Anderson's arrest.

The government's next contention is that the search of the Explorer falls within what is called simply the "automobile exception." [DE 27 at 2.] A warrant is not required to search a vehicle where the police have probable cause to believe that the vehicle contains evidence of criminal activity. *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). The probable cause standard is met "when based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched." *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013) (internal quotation marks omitted).

Here the facts that had been communicated to the police provided probable cause to search Anderson's vehicle. Anderson was identified as the man who had come to the McDonald's drive-through in his Explorer, drunk and aggressive. He had delivered angry and belligerent threats, man-handled an employee, and returned with a firearm after threatening to come back and open fire. No firearm had been found on Anderson's person. An officer had smelled alcohol on Anderson, and had witnessed his bloodshot eyes, slurred speech, his apparent impairment and the liquor bottles in the vehicle. With this information, the police had probable cause to search the Explorer for evidence of offenses involving driving while impaired and the use of a firearm in threatening or intimidating the McDonald's employees. Based on these facts and

5

circumstances, the search of Anderson's Explorer was justified by the automobile exception to the warrant requirement.

The government invokes one more justification for the search, namely the inevitable discovery doctrine. [DE 27 at 8.] Anderson was lawfully arrested at the scene and there was no one present to take custody of his vehicle. So the police had the Explorer towed, and the vehicle was then subjected to an inventory search pursuant to established procedures. If the Explorer had not already been searched, the revolver would have been discovered during this lawful inventory search.

"The inevitable discovery doctrine provides that illegally obtained evidence will not be excluded if the government 'can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means.'" *United States v. Haldorson*, 941 F.3d 284, 293 (7th Cir. 2019), quoting *Nix v. Williams*, 467 U.S. 431, 444 (1984). This principle is often applied in the context we have here, namely the inevitable inventory search of a vehicle impounded after an arrest. *See, e.g., Haldorson*, 941 F.3d at 293 (once Haldorson was arrested, police officers would have towed his vehicle to the police station and conducted an inventory search, so that the drugs and explosives would inevitably have been discovered); *United States v. Cherry*, 920 F.3d 1126, 1140 (7th Cir. 2019) ("Once Cherry had been arrested, the agents would have removed his car from the parking lot and it would have been subject to an inventory search, as is the usual protocol"). Anderson has not challenged his arrest, which was lawfully based on probable cause to believe he had committed the offenses

charged, and the inevitable inventory search of his vehicle would have yielded the seizure of the revolver, if it had not already been found during the search at the scene based on the automobile exception.

## Conclusion

Anderson has not disputed the facts proffered by the government in opposition to the motion to suppress.  As a consequence, no evidentiary hearing was required and the motion could be decided based on the briefs of the parties and supporting documentation.  Either of two doctrines – the automobile exception or inevitable discovery – provides a lawful basis for the search of Anderson's vehicle that produced the weapon on which the present charges are based.

ACCORDINGLY:

Corey Anderson's motion to suppress [DE 24] is DENIED.

SO ORDERED.

ENTERED:  December 18, 2020.

                                        /s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT